FILED

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2015 JUL -1  P 12: 50

| | |
|---|---|
| DENISE ANN JONES<br>8502 Rainbow Bridge Lane<br>Springfield, Virginia 22153,<br><br>Plaintiff,<br><br>vs.<br><br>RACHEL HOLDING CORP<br>1 Linden Place<br>Great Neck, New York 11021,<br><br>&<br><br>PROTAS, SPIVOK & COLLINS, LLC,<br>4330 East West Highway, Suite 900<br>Bethesda, Maryland 20814-4452,<br><br>Defendants. | CIVIL ACTION NO. 1:15cv836<br>CLERK US DISTRICT COURT<br>JURY DEMAND ALEXANDRIA |

## COMPLAINT

COMES NOW, Plaintiff, DENISE ANN JONES ("Plaintiff" and/or "Ms. Jones") by and through her undersigned attorney, and for her Complaint against the Defendants, RACHEL HOLDING CORP. ("RHC") and PROTAS, SPIVOK & COLLINS, LLC, ("Protas") alleges as follows:

### INTRODUCTION

1. This is an action for damages brought by Plaintiff, Ms. Jones, an individual consumer, against Defendants RHC and Protas (hereinafter collectively the "Defendants") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq., (hereinafter the "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337. Venue in this District is proper in that the Defendants transact business in this District and the conduct complained of occurred in this District.

## PARTIES

3. Plaintiff, Ms. Jones, is a natural person residing in Springfield (Fairfax County), Virginia. Ms. Jones is a consumer as defined in 15 U.S.C. § 1692a(3), and has been a resident of the Commonwealth of Virginia at all relevant times herein.

4. Defendant RHC is a New York corporation engaged in the business of collecting debt in this state with its principal place of business located at 1 Linden Place, Great Neck, New York 11021. RHC uses instrumentalities of interstate commerce and the mails in a business, the principal purpose of which is the collection of consumer debts owed or due or asserted to be owed or due to another, and regularly attempts to collect consumer debts owed or due or asserted to be due to another. RHC also regularly acquires debt in default, and attempts to collect on it. RHC is therefore a debt collector as defined in 15 U.S.C. § 1692a(6).

5. Defendant Protas, a law firm in based in Maryland attempted to collect an alleged consumer debt, as defined in 15 U.S.C. § 1692a(5), from Plaintiff, a consumer on behalf of a third-party. Protas uses instrumentalities of interstate commerce and the mails in connection with the regular attempt to collect consumer debts owed or due or asserted to be due to another. Protas is therefore a debt collector as defined in 15 U.S.C. § 1692a(6).

## BACKGROUND

6. On or about July 2, 2014, Defendants filed a lawsuit against Plaintiff, specifically a Warrant in Debt (hereafter referred to as the "WID"), in Fairfax County General District Court, Case No. 14014272-00, styled as <u>Rachel Holding Corp., assignee of M and T Bank v. Denise A. Jones</u>, for an alleged consumer debt.

7. Defendant RHC was the plaintiff of record.

8. Defendant Protas was RHC's counsel of record, and signed all pleadings.

9. The lawsuit was filed in bad faith since the alleged debt was beyond the statute of limitations.

10. The WID was received by Mrs. Jones at her residence in Springfield, Virginia.

11. The alleged debt of Mrs. Jones claimed in the WID was incurred for personal, family or household services.

12. Defendants' WID was a claim based on an action for breach of a contract for sale.

13. Defendants' WID arose under a motor vehicle retail installment sales contract and a sale of good formed the alleged underlying transaction, specifically a sales agreement for a motor vehicle.

14. A motor vehicle is a good within the Uniform Commercial Code's ("UCC's") definition of goods.

15. The four-year statute of limitations set forth in Article 2 of the UCC, UCC-Sales, applies if a contract is for a sale of a good.

16. Defendants' pleadings in the WID case asserted a default date of July 14, 2008.

17. Defendants' pleading in the WID case asserted a notice of sale dated August 14, 2008.

18. Defendants' pleading in the WID case asserted a private auction occurred on August 13, 2009.

19. Defendants pleading in the WID case show that the alleged deficiency was calculated no later than August 21, 2009.

20. Defendants' WID was time barred by the UCC's four year statute of limitation at the time of filing.

21. Defendants knew or should have known that the suit was time-barred.

22. Upon information and belief, Defendants failed to first make a reasonable inquiry that the limitations period had or should be expired.

23. Filing a lawsuit to collect on a debt that is or appears to be time–barred is an unfair and/or unconscionable act.

24. Failure to make a reasonable inquiry whether a statute of limitations period had or should be expired prior to filing a lawsuit to collect on a debt that appears to be time-barred is an unfair and/or unconscionable practice.

25. Defendants' actions were unfair or unconscionable.

26. The least sophisticated of consumers would have been deceived, misled, or harassed by Defendants' actions.

27. Defendants' actions violated the FDCPA.

28. Plaintiff incurred expenses in attempting to correct Defendants' misguided and illegal collection activities. Plaintiff was also confused, angry, and suffered emotional distress and mental anguish as a result of Defendants' illegal collection efforts.

## COUNT I
### (Violation of the FDCPA)

29. Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

4

30. Defendants filed and prosecuted a time-barred lawsuit.

31. The foregoing constitutes harassment or abuse in violation of 15 U.S.C. § 1692d, a false or misleading representation in violation of 15 U.S.C. § 1692e, and an unfair practice in violation of 15 U.S.C. § 1692f.

32. Plaintiff was damaged and suffered injury thereby.

33. As a result of the foregoing violations of the FDCPA, Defendants are liable to the Plaintiff for actual damages, statutory damages, and costs and attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Mrs. Jones, prays that the Court grant Plaintiff:

A. Actual damages;

B. Statutory damages;

C. Costs and reasonable attorney fees;

D. Pre- and post-judgment interest; and

E. Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff, by and through her undersigned attorney, hereby demands trial by jury on all issues triable herein pursuant to FRCP, Rule 38 (b).

Respectfully submitted,

*/s/ Jennifer Ann Haberlin*
Jennifer Ann Haberlin (VSB#74950)
Susan Stoney (VSB #29034)
Lauren Gedge (VSB# 81565)
Gary C. Tepper, Esq. (*Pro Bono*)
LEGAL SERVICES OF NORTHERN VIRGINIA
4080 Chain Bridge Road
Fairfax, VA 22030
Telephone: (703) 504-9153
Facsimile: (571) 386-0615
E-Mail: jfulmer@lsnv.org
E-Mail: sstoney@lsnv.org
E-Mail: lgedge@lsnv.org
E-Mail: tepperg@comcast.net
Attorneys for Plaintiff

6